**E-FILED**
Friday, 14 July, 2006  08:36:06 AM
Clerk, U.S. District Court, ILCD

**FILED**

JUL 1 3 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

CASE NO. ___06-3149___

SUN CAPITAL HEALTHCARE, INC.,
a Florida corporation,

       Plaintiff,

v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

       Defendant.

_____/

## COMPLAINT

Sun Capital Healthcare, Inc., a Florida corporation ("Sun"), files this Complaint against the United States of America, Internal Revenue Service, and as grounds therefor states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This action arises under 26 U.S.C. § 7426 of the Internal Revenue Code and jurisdiction is proper in this court because Sun claims an interest in funds levied upon by the Defendant, United States of America, the Department of the Internal Revenue Service ("IRS") and that such funds were wrongfully levied upon. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(e).

### VENUE ALLEGATIONS

2.    Venue lies in this court pursuant to 28 U.S.C. § 1402 (c).

**ULLMAN & ULLMAN, P.A.**
150 East Palmetto Park Road · Suite 650 · Boca Raton, Florida 33432
(561) 338-3535 · (561) 338-3581

## PARTY ALLEGATIONS

3.      The Plaintiff, Sun, is a Florida corporation, with its principal office located at 929 Clint Moore Road, Boca Raton, Palm Beach County, Florida, authorized to do business in Florida and at all relevant times hereto had its principal place of business in Boca Raton, Florida.

4.      The Defendant, the United States of American, Internal Revenue Service is the federal government of the United States of America, acting through the Internal Revenue Service, an agency of the United States government.

## ALLEGATION CONCERNING CONDITIONS PRECEDENT

5.      Sun has performed all conditions precedent, or they have occurred, been waived, or been excused.

## COMMON ALLEGATIONS OF FACT

6.      Sun is in the business of purchasing accounts[1] from healthcare providers.  The business of purchasing accounts involves a business (known in the healthcare factoring industry as the "Provider") that sells its invoices evidencing accounts to the Factor (in this instance, Sun).

7.      Sun, as the Factor, awaits payment from third parties—usually an insurer (known as "Account Debtor"[2]), in consideration of which the Factor, subject to the terms of a Factoring

---

[1] Pursuant to § 9-102(a)(2) of the Uniform Commercial Code, the term "Account" is defined as follows:

> "Account" . . . means (i) a right to payment of a monetary obligation, whether or not earned by performance, (A) for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed of, (B) for services rendered or to be rendered, . . .

[2] Pursuant to § 9-102(a)(3) of the Uniform Commercial Code, the term "Account Debtor" is defined as follows:

> "Account Debtor" means a person obligated on an account. chattel paper, or general intangible.

Agreement, has discretion to make advances ("Advances") against the purchase price of the accounts it elects to purchase.

8.      On February 25, 2003, Sun and a National Assistance Bureau, Inc. ("National Assistance") entered into a Master Purchase and Sale Agreement ("Factoring Agreement").   A copy of the Factoring Agreement is attached as Exhibit "1."

9.      National Assistance is also known as and does business under the name Pine Lawn Manor.

10.     Pursuant to the Factoring Agreement, Sun came to own those specific accounts owing to National Assistance that were purchased by Sun, and Sun also obtained a security interest in other assets as well as all of National Assistance's accounts, whether or not purchased, that existed on February 25, 2003, and thereafter.

11.     On or about February 21, 2003, Sun caused UCC-1 Financing Statements to be filed with the Secretary of State of Indiana, copies of which are attached as Composite Exhibit "2."

12.     The filing of the UCC-1 Financing Statement by Sun resulted in Sun having duly perfected its security interest in and to National Assistance's accounts, among other items of collateral.

13.     Subsequent to the execution of the Factoring Agreement, National Assistance sold and assigned various invoices to Sun.

14.     Sun made advances to National Assistance as a result of the invoices evidencing the accounts National Assistance sold.

15.     On the following dates, the Internal Revenue Service caused to be filed the following Notices of Federal Tax Liens against the following taxpayers:

|  | **TAXPAYER** | **DATE** | **PLACE** |
|---|---|---|---|
| 1 | Pine Lawn Manor 200 Poplar Street Sumner, IL 62466 Taxpayer Identification Number 32-0014097 | August 8, 2005 | County Clerk and Recorder, Lawrence County, Lawrenceville, IL 62439 |
| 2 | Pine Lawn Manor 200 Poplar Street Sumner, IL 62466 Taxpayer Identification Number 32-0014097 | November 1, 2005 | County Clerk and Recorder, Lawrence County, Lawrenceville, IL 62439 |
| 3 | Pine Lawn Manor 200 Poplar Street Sumner, IL 62466 Taxpayer Identification Number 32-0014097 | December 19, 2005 | County Clerk and Recorder, Lawrence County, Lawrenceville, IL 62439 |
| 4 | Pine Lawn Manor, alter ego of National Assistance Bureau, Inc. Taxpayer Identification Number 32-0014097 and 35-1534209 | December 23, 2005 | County Clerk and Recorder, Lawrence County, Lawrenceville, IL 62439 |

True copies of each Notice of Federal Tax Lien is attached hereto as Exhibits "3," "4," "5," and "6."

16.    In addition to the filing of the Notices of Federal Tax Lien, on the following dates, the Internal Revenue Service caused to be filed the following Notices of Levy against the following parties:

|  | **TAXPAYER** | **DATE** | **SERVED UPON** | **AMOUNT** |
|---|---|---|---|---|
| 1 | Pine Lawn Manor 200 Poplar Street Sumner, IL 62466 Taxpayer Identification Number 32-0014097 | 09/16/2005 | Illinois Department of Public Aid Bureau of Claims Processing 201 South Grand Avenue East Springfield, IL 62783 | $794,486.11 |

| 2 | Pine Lawn Manor<br>200 Poplar Street<br>Sumner, IL 62466<br>Taxpayer Identification<br>Number 32-0014097 | 09/16/2005 | Wisconsin Physician's Services<br>WPF, Attn: Janet Demuzzio<br>23800 Northwestern Highway<br>#200<br>Southfield, MI 48075 | $794,486.11 |

True copies of each Notice of Levy is attached hereto as Exhibits "7" and "8."

17.     After service of the Notices of Levy, payments that were being made to Sun by the Illinois Department of Public Aid and Wisconsin Physician's Services ("Account Debtors") ceased.

18.     After service of the Notices of Levy, Sun inquired of the Account Debtors as to the reason for Sun having failed to receive payments from each of these Account Debtors and the reason given was due to their receipt of the Internal Revenue Service's Notices of Levy.

19.     After receiving notice that the Internal Revenue Service had issued and served the Notices of Levy on these Account Debtors, Sun made a request to the Internal Revenue Service for a release of the levies and a return of all Account Debtor's payments made pursuant to the Internal Revenue Service's Notices of Levy.  A true and correct copy of this release of levy request is attached hereto as Exhibit "9."

20.     The above-stated release of levy request was a valid request in that it was mailed to the Internal Revenue Service office which imposed the levy and contained particular information regarding the specifics of the claim as addressed in 26 C.F.R. § 301.6343(b)(2).

21.     The Internal Revenue Service failed to reply or in any way respond to Sun's release of levy request.

22.     The levy that the Internal Revenue Service caused to be served upon the Illinois Department of Public Aid and Wisconsin Physician's Services impaired Sun's perfected security interest in the Accounts that were payable to Sun in that pursuant to 26 U.S.C. § 6323(c), any

lien in favor of the Internal Revenue Service imposed pursuant to 26 U.S.C. § 6321, is not valid with respect to the security interest duly perfected by Sun prior to the filing of the Notices of Tax Lien as well as the security interest held by Sun that came into existence (i.e., attached) after the tax lien to the extent that:

    (a)    Sun's security interest qualifies for the protection available under 26 U.S.C. § 6323(c)(1) and (2); or

    (b)    the Notices of Levy against these Account Debtors were unsupported by any legitimate tax lien due to:

    1.    the monies owed by each Account Debtor were owed to National Assistance (Tax Identification No. 35-1534209) and not the delinquent taxpayer, Pine Lawn Manor (Tax Identification No. 32-0014097); or

    2.    the Internal Revenue Service failed to duly file its Notices of Tax Liens in a location giving rise to any duly filed Notice of Tax Lien.[3]

### ACTION FOR WRONGFUL LEVY

The Plaintiff, Sun, sues the United States of America, Internal Revenue Service, for wrongful levy, and as grounds therefor, avers:

23. Sun readopts the allegations contained in paragraphs 1 through 22 above.

24. A levy has been made on property, more specifically, against Account Debtors that owed money due to services provided by National Assistance Bureau, Inc.

[3] Pursuant to Illinois Compiled Statutes, 770 I.L.C.S. § 110/2(c), the proper location for filing may have been the Office of the Secretary of State.

25.    Sun is a person, other than the person against whom is assessed the tax, out of which such levies arose.

26.    Sun's claim and interest to the monies owed by the Account Debtors is superior and constitutes a lien on such property senior to that of any right, title or interest held by the Internal Revenue Service.

27.    The monies owed by the Account Debtors and that were payable to Sun were wrongfully levied upon due to the fact that Sun holds a superior interest in or lien against all amounts due by the Account Debtors, or, by virtue of the fact that the Account Debtors did not owe the taxpayer, Pine Lawn Manor, any sums.

28.    As of this time, Sun has not yet sought damages against the United States of America, Internal Revenue Service pursuant to 26 U.S.C. § 7426(h) and currently limits its relief to that authorized by 26 U.S.C. § 7426(b), therefore, Sun is not required to have complied with 26 U.S.C. § 7433(d) by asserting any administrative claim for damages.[4]

WHEREFORE, Sun requests that this Court enter a judgment:

        a.   ordering the United States of America to return all of the property levied upon to Sun; or, in the alternative,

        b.   for the amount of the money levied upon; and

        c.   awarding Sun prejudgment interest at the overpayment rate established under 26 U.S.C. § 6621, from the date that the Secretary received the money wrongfully levied upon to the date of payment of the judgment; and

        d.   for costs.

---

[4] Sun, however, does not and is not waiving its right to file an administrative claim in order to seek additional remedies.

Dated: July 12, 2006.

JEFFREY R. PLATT

Jeffrey R. Platt, Esq.
COMAN & ANDERSON, P.C.
Attorneys at Law
2525 Cabot Drive, Suite 300
Lisle, IL 60532
(630) 428-2660
(630) 428-2549
jplatt@comananderson.com
*Co-counsel for Sun Capital Healthcare, Inc.*

- and -

Michael W. Ullman, Esq.
ULLMAN & ULLMAN, P.A.
150 East Palmetto Park Road, Suite 650
Boca Raton, Florida 33432
Telephone:    (561) 338-3535
Facsimile:    (561) 338-3581
mullman@uuvlaw.com
*Co-counsel for Sun Capital Healthcare, Inc.*

F:\wp51 06\060039\Complaint.(7-7-06).doc